IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FOUNDATION MEDICINE, INC. | § | |
| | § | CASE NO. 2:16-cv-00523-JRG (RSP) |
| Plaintiff, | § | |
| | § | |
| v. | § | **JURY TRIAL DEMANDED** |
| | § | |
| GUARDANT HEALTH, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANT GUARDANT HEALTH INC.'S ANSWER TO PLAINTIFF'S
COMPLAINT AND COUNTERCLAIMS**

Defendant Guardant Health, Inc. ("Guardant") hereby provides its Answer to the Complaint of Foundation Medicine, Inc. ("Foundation") and Counterclaims as set forth below. Unless specifically admitted, Guardant denies each and every allegation made in the Complaint and states as follows:

**RESPONSE TO ALLEGATIONS CONCERNING THE NATURE OF THE ACTION**

1.      Guardant admits that the Complaint purports to state an action under the patent laws of United States, 35 U.S.C. § 1 *et seq.*  Guardant denies that Foundation is entitled to any relief, including any relief under the patent laws of the United States.  Except as expressly admitted herein, Guardant denies each and every allegation contained in Paragraph 1 of the Complaint.

**RESPONSE TO ALLEGATIONS CONCERNING THE PARTIES**

2.      Guardant is without knowledge sufficient to admit or deny the allegations of Paragraph 2 of the Complaint, and therefore denies them.

3.      Guardant admits that it is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 505 Penobscot Dr., Redwood City,

CA 94063.  Except as expressly admitted herein, Guardant denies each and every allegation contained in Paragraph 3 of the Complaint.

## RESPONSE TO ALLEGATIONS CONCERNING JURISDICTION AND VENUE

4.      Guardant admits that the Complaint purports to state an action arising under the patent laws of United States, 35 U.S.C. § 1 *et seq.*  Guardant admits that the Court has subject-matter jurisdiction.  Except as expressly admitted herein, Guardant denies each and every allegation contained in Paragraph 4 of the Complaint.

5.      Guardant admits that it is subject to personal jurisdiction.  Except as expressly admitted herein, Guardant denies each and every allegation contained in Paragraph 5 of the Complaint.

6.      Guardant admits that it is subject to personal jurisdiction.  Except as expressly admitted herein, Guardant denies each and every allegation contained in Paragraph 6 of the Complaint.

7.      Deny.

8.      Guardant admits that it maintains a website at http://www.guardant360.com. Except as expressly admitted herein, Guardant denies each and every allegation contained in Paragraph 8 of the Complaint.

9.      Deny.

10.     Guardant is without knowledge sufficient to admit or deny the allegations of Paragraph 10 of the Complaint, and therefore denies them.

11.     Paragraph 11 states a legal conclusion to which no response is required, and Guardant denies any allegations therein.

## RESPONSE TO ALLEGATIONS CONCERNING "FOUNDATION MEDICINE AND THE "INVENTION""

12.     Guardant is without knowledge sufficient to admit or deny the allegations of Paragraph 12 of the Complaint, and therefore denies them.

13.     Guardant is without knowledge sufficient to admit or deny the allegations of Paragraph 13 of the Complaint, and therefore denies them.

14.     Guardant is without knowledge sufficient to admit or deny the allegations of Paragraph 14 of the Complaint, and therefore denies them.

15.     Guardant is without knowledge sufficient to admit or deny the allegations of Paragraph 15 of the Complaint, and therefore denies them.

16.     Guardant is without knowledge sufficient to admit or deny the allegations of Paragraph 16 of the Complaint, and therefore denies them.

## RESPONSE TO ALLEGATIONS CONCERNING GUARDANT'S GENOMIC TEST

17.     Deny.

18.     Admit.

19.     Guardant admits that it provides a collection kit to healthcare providers who then ship the kits back to Guardant for testing.  Guardant makes the results available on an online portal.  Except as expressly admitted herein, Guardant denies each and every allegation contained in Paragraph 19 of the Complaint.

20.     Guardant admits that Guardant360 is a genomic analysis test intended to evaluate cell-free DNA performed with next-generation sequencing.  Except as expressly admitted herein, Guardant denies each and every allegation contained in Paragraph 20 of the Complaint.

21.     Deny.

22.     Deny.

23.     Deny.

24.     Deny.

25.     Deny.

26.     Deny.

27.     Deny.

28.     Deny.

## RESPONSE TO ALLEGATIONS CONCERNING "GUARDANT'S KNOWLEDGE OF THE PATENT-IN-SUIT"

29.     Deny.

30.     Deny.

31.     Deny.

32.     Deny.

## RESPONSE TO COUNT I

33.     Guardant incorporates its responses to paragraphs 1-31 as if fully set forth herein.

34.     Deny.

35.     Deny.

36.     Deny.

37.     Deny.

38.     Deny.

## RESPONSE TO FOUNDATION'S PRAYER FOR RELIEF

39.     To the extent any response to the requested relief in the Complaint is required, Guardant denies that Foundation has any valid claim pursuant to 35 U.S.C. § 271 *et seq.* Guardant further denies that it has violated any of the patent laws of the United States with respect to the '830 Patent.  Guardant further denies that Foundation is entitled to any of its requested relief, including that specified in paragraphs a-e of Foundation's Prayer for Relief.

## JURY DEMAND

40.     Guardant admits that the Complaint sets for a demand for a trial by jury. Guardant likewise demands a trial by jury on all issues so triable.

## DEFENSES

41.     Subject to its responses above, and upon information and belief, Guardant alleges and asserts the following defenses in response to the allegations of the Complaint.  Regardless of how such defenses are listed herein, Guardant undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law.  In addition to the defenses described below, Guardant specifically reserves all rights to allege additional defenses pursuant to the Docket Control Order filed in this action.

## FIRST AFFIRMATIVE DEFENSE – NON-INFRINGEMENT

42.     Guardant does not infringe and has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '830 patent, either directly, contributorily, by inducement, jointly, willfully, or in any other manner.

## SECOND AFFIRMATIVE DEFENSE - INVALIDITY

43.     One or more claims of the '830 Patent (the "Patent-in-Suit") are invalid pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 41, 101, 102, 103, 112, 116, and/or 282, and/or the rules, regulations and law pertaining thereto.  Exemplary bases for finding the claims invalid include those set forth in Guardant's Invalidity Contentions, which are incorporated herein by reference.

## THIRD AFFIRMATIVE DEFENSE – PROSECUTION HISTORY ESTOPPEL

44.     Foundation is estopped, by virtue of the remarks, admissions, cancellations, amendments, statements, omissions, disclaimers, disavowals, representations and/or concessions made to the United States Patent and Trademark Office during the prosecutions of the Patents-in-Suit, and any other patents that also claim priority to the same parent applications, from construing any claim of the Patents-in-Suit to have been infringed by Guardant.

## FOURTH AFFIRMATIVE DEFENSE – FAILURE TO STATE A CLAIM

45.     Foundation's claims are barred for failure to state a claim upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE – IMPROPER VENUE

46.     In the event the U.S. Supreme Court overrules *VE Holding Corp. v. Johnson Gas Appliance Co.,* 917 F.2d 1674 (Fed. Cir. 1990), Foundation is barred from pursuing its claims in the Eastern District of Texas because venue is improper, and the Complaint, and each purported claim contained therein, should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure, or, in the alternative, transferred to the proper venue, the Northern District of California.  *See TC Heartland LLC v. Kraft Food Brands Grp.*, 821 F.3d 1338 (Fed. Cir. 2016), *cert. granted,* 137 S.Ct. 614 (U.S. Dec. 14, 2016) (No. 16-341).

## SIXTH AFFIRMATIVE DEFENSE – GOVERNMENT SALES

47.     To the extent that the Complaint accuses products and/or methods that are provided by or for  the United States of America or for a contractor, subcontractor, or any person, firm, or corporation acting with the authorization and consent of the United States government, Foundation's claims for damages and other relief are barred by at least 28 U.S.C. 1498(a).

## SEVENTH AFFIRMATIVE DEFENSE – 35 U.S.C. § 271(e)

48.     Foundation's claims of infringement are barred in whole or in part by 35 U.S.C. § 271(e)(1) to the extent Foundation seeks to hold Guardant liable for allegedly infringing conduct that is reasonably related to the development and submission of information under a Federal Law which regulates the manufacture, use, or sale of drugs or veterinary biological products.

## ADDITIONAL DEFENSES RESERVED

Guardant reserves the right to assert additional affirmative defenses as they become known through further investigation and discovery.

## COUNTERCLAIMS

49.     Guardant asserts the following counterclaims against Foundation.

## THE PARTIES

50.     Guardant is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 505 Penobscot Dr., Redwood City, CA 94063. Guardant is a pioneer in genomic cancer testing. Guardant's GUARDANT360 testing services involve a process by which clinicians mail in a patient's blood draw and Guardant Health isolates cell-free DNA fragments in the blood draw, sequences the DNA fragments, uses proprietary bioinformatics to process the sequences, and determines detailed information regarding the specific type of cancer the patient has from a single blood draw while avoiding the costs and risks of tissue biopsies. Through this process, Guardant Health has helped thousands of oncologists learn accurate and actionable information about tens of thousands of patients, allowing clinicians to provide highly targeted, personalized therapies for their cancer patients.

51.     On information and belief, Foundation is a corporation organized and existing under the laws of the state of Delaware, having its principal place of business at 150 Second Street, Cambridge, MA 02141.

## JURISDICTION AND VENUE

52.     These counterclaims arise under the Declaratory Judgment Act and the Patent Act, Titles 28 and 35 of the United States Code.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

53.     This Court has personal jurisdiction over Foundation because Foundation has submitted itself to this Court's jurisdiction by filing its Complaint in this Court.

54.     Foundation purports to be the owner of the entire right, title and interest in and to U.S. Patent No. 9,340,830 (the "'830 patent").

55.     Venue in this Court is conditionally proper over Foundation based on choice of forum by Foundation and pursuant to 28 U.S.C. §§ 1391(b), (c), and/or 1400(b).

56.     Foundation has accused Guardant of infringement of the '830 patent. Guardant denies that any of its alleged products infringe any valid and enforceable claim of the '830 patent.

## THE PATENT-IN-SUIT

57.     The '830 patent, on its face, is titled "Optimization of Multigene Analysis of Tumor Samples."

58.     The '830 patent, on its face, purports to have issued from Application Serial No. 13/339,986.

59.     Foundation purports to be the owner of the '830 patent.

## FIRST COUNTERCLAIM

(Declaration that Guardant Does Not Infringe the '830 Patent)

60.     Guardant repeats and re-alleges paragraphs 1-59 as if set forth specifically herein.

61.     Guardant is entitled to a declaratory judgment that Guardant does not infringe, either directly or indirectly, and has not infringed, either directly or indirectly, any valid and enforceable claim of the '830 patent.

## SECOND COUNTERCLAIM

(Declaration of Invalidity of the '830 Patent)

62.     Guardant repeats and re-alleges paragraphs 1-59 as if set forth specifically herein.

63.     Guardant is entitled to a declaratory judgment that the '830 patent is invalid for failure to satisfy one or more of the requirements for patentability specified in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 282, or under any judicially created doctrines of invalidity and/or unenforceability.

## JURY DEMAND

64.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Guardant demands a jury trial on all issues raised in its Answer and Counterclaims triable of right by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Guardant respectfully prays for judgment and seeks relief against Foundation as follows:

A.     That Foundation take nothing by its Complaint;

B.     That Foundation's claims for relief be dismissed with prejudice and each request for relief therein be denied;

C.     That a judgment be entered declaring that Guardant has not infringed and does not infringe, whether directly or indirectly, literally or by equivalents, any valid and enforceable claim of the '830 patent;

D.     That a judgment be entered declaring that the claims of the '830 patent are invalid and/or unenforceable;

E.     That the Court determine that this is an exceptional case under 35 U.S.C. § 285 and award attorneys' fees, costs and other expenses to Guardant in this action; and

F.     That the Court order other and further relief as the Court may deem just and equitable.


DATED: April 18, 2017                                    Respectfully submitted,

By: */s/ Alan Heinrich by permission Andrea Fair*

Morgan Chu – *pro hac vice*
Alan Heinrich – p*ro hac vice*
C. Maclain Wells – *pro hac vice*
Irell & Manella - Los Angeles
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199
mchu@irell.com
aheinrich@irell.com
mwells@irell.com

T. John Ward, Jr.
State Bar No. 00794818
Claire Henry
State Bar No. 24053063
Andrea Fair
State Bar No. 24053063
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: jw@wasfirm.com
Email: claire@wsfirm.com
Email: andrea@wsfirm.com

***Attorneys for Defendant Guardant Health, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 18th day of April, 2017.

/s/ Andrea Fair